BROWN, Chief Judge.
| defendant, Kenneth Lee Traylor, was convicted of the aggravated rape of a nine-year-old girl, a violation of La. R.S. 14:42(A)(4), and sentenced to life imprisonment at hard labor without benefit of probation, parole, or suspension of sentence. Defendant has appealed his conviction. Finding no error, however, we affirm.

Discussion

Other than urging this court to review the record for errors patent, defendant assigned only one error, that the evidence was insufficient to support the jury’s verdict.
The standard of appellate review for a sufficiency of the evidence claim is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. This standard, now legislatively embodied in La. C. Cr. P. art. 821, does not provide the appellate court with a vehicle to substitute its own appreciation of the evidence for that of the fact finder. The appellate court does not assess the credibility of witnesses or reweigh evidence. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Pigford, 05-0477 (La.02/22/06), 922 So.2d 517.
At the time of the offense, La. R.S. 14:42(A)(4) provided, as it does now, that:
(A) Aggravated rape is a rape committed upon a person sixty-five years of age or older or where the anal, oral, or vaginal sexual intercourse is deemed to *573 be without lawful consent of the victim because it is committed under any one or more of the following circumstances:
[[Image here]]
1 ⅞(4) When the victim is under the age of thirteen years. Lack of knowledge of the victim’s age shall not be a defense.
La. R.S. 14:41 provides in pertinent part:
(A) Rape is the act of anal, oral, or vaginal sexual intercourse with a male or female person committed without the person’s lawful consent.
(B) Emission is not necessary, and any sexual penetration, when the rape involves vaginal or anal intercourse, however slight, is sufficient to complete the crime.
In contesting the sufficiency of the evidence, defendant asserts that the state presented insufficient proof of penile penetration and therefore, the jury’s verdict of aggravated rape is not supported by the evidence. Specifically, defendant claims that the victim did not actually see defendant’s penis penetrate her and that it could have been his finger. Defendant also notes that the doctor who obtained the vaginal swab from the victim did not testify and that the “swab may have been simply (moved) around the opening of the vagina” and thus, was not proof of penetration.
The evidence at trial established that on the night of September 9, 2004, the nine-year-old victim was asleep in her bedroom in the apartment she lived in with her mother (and a cousin of defendant’s) when defendant broke the window to the victim’s bedroom, placed a towel over her face and dragged her outside to a wooded place behind the apartment complex. Defendant then pulled down his pants and ordered the victim to do the same. According to the victim, defendant then “[stuck] in his penis into mine.” When asked by the prosecutor whether defendant had stuck his penis inside her “private part,” the victim answered “yes.”
|sOn cross-examination, the following exchange took place between the victim and defendant’s attorney.
Q: Was his penis big?
A: No sir. I didn’t see nothing.
Q: Hunh?
A: I didn’t see nothing.
Q: Okay. And you said he put it inside of you?
A: Yes, sir.
Q: Did he keep it inside of you a long time or just a short time?
A: Long time.
Q: Did he move around some while he was inside of you?
A: No, sir.
Q: Okay. Was your privates sore or was it torn or bruised, did it hurt after — the next day or so after this happened?
A: It hurt.
Q: Okay. Since you didn’t see his penis, could it have been anything else other than his penis that was inside of you?
A: I don’t know.
Q: Could it have been his finger?
A: I don’t know. I felt like it.
Q: But you never did see his penis, did you, baby?
A: No, sir.
Q: Okay. You just knew something was inside of you?
A: Yes, sir....
Q: But you’re not sure what it was are you?
A: No, sir.
*574 The victim returned to her apartment and reported the assault to her mother and the police. She was taken to Union General Hospital where a rape exam was performed by Dr. Lisschutz and Diane Spillers, LPN. Ms. Spillers testified that vaginal swabs were collected and then sealed and turned over to law enforcement personnel.
Troy Kendal Stracener, a forensic DNA analyst employed by the Northeast Crimi-nalistic Lab in West Monroe, performed DNA testing on the victim’s vaginal swab from the rape exam kit, an oral swab obtained from defendant, a blood sample from a piece of curtain hanging in the broken window in the victim’s bedroom, and two reference samples from the victim Land defendant. Cells from the vaginal swab matched defendant’s profile. Specifically, Stracener testified that the probability that the DNA profile obtained from cells from the victim’s vaginal swab came from someone other than defendant was 1 in B.79 trillion. Furthermore, the bloodstain on the curtain was consistent with defendant’s DNA profile. On cross-examination, Stracener admitted that it is possible that sperm very near the vaginal opening can make its way into the vaginal canal.
Dr. Ann Springer, an expert in the field of pediatrics, testified that she examined the victim on September 10, 2004. Dr. Springer testified that a colposcopic exam indicated that the victim’s hymen was intact and the doctor detected no injury in either the victim’s vaginal canal or anus. According to Dr. Springer, the physical exam neither proved nor disproved penetration. Specifically, Dr. Springer stated that 80% of children who have been molested and penetrated have a “totally normal” physical exam and show no physical signs of the abuse. It was her opinion, based upon the history given to her by the victim as well as her presentation, that the victim had been sexually abused.
Defendant contends that the evidence regarding the specimen’s collection was insufficient to establish that his DNA was in fact in the victim’s vagina. He does not challenge that there was sperm found during the vaginal swab or that the DNA extracted therefrom was consistent with his DNA, only whether the swab was collected from the vaginal canal.
Diane Spillers, the nurse who assisted the physician who performed the rape kit examination on the victim, testified that a sample is collected 15when a swab, a Q-tip like device, is inserted into the vaginal cavity, not rubbed outside the vagina. Ms. Spillers stated that she took the swab from the physician, sealed it, and turned it over to the investigating officers. Although Ms. Spillers had no independent recollection of how deep into the victim’s vagina the swab was inserted or whether the physician simply swabbed the vaginal area, there is nothing in the record whatsoever to indicate that the standard procedure for collecting this type of evidence was not followed.
Viewed in the light most favorable to the prosecution, the evidence was sufficient for a rational trier of fact to conclude beyond a reasonable doubt that defendant was guilty of the crime of aggravated rape. The young victim testified that defendant put his penis into her private part. The victim’s cross-examination may have caused some confusion as to whether there was penetration by defendant’s penis or finger. The victim’s testimony of penile penetration, however, was supported by the physical evidence, and the jury, as the trier of fact, weighed her testimony. The issue is one of the weight of the evidence rather than the sufficiency, clearly a matter outside the scope of this court’s appel *575 late review. See State v. Marcantel, 00-1629 (La.04/03/02), 815 So.2d 50.
The jury was reasonable in rejecting defendant’s theory that he penetrated the victim with something other than his penis. This assignment of error is without merit.
Having performed an error patent review, we found no such errors.
| «Conclusion
For the reasons set forth above, defendant’s conviction and sentence are AFFIRMED.